UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ELEANOR LINDQUIST,

                Appellant,

v.

JEFFREY C. LINDQUIST,

                Appellee.

No. CV 06-471-MO

OPINION AND ORDER

**MOSMAN, J.,**

      In this bankruptcy appeal, Eleanor Lindquist seeks review of the bankruptcy court's order confirming appellee Jeffrey Lindquist's ("debtor") Chapter 13 bankruptcy plan. Ms. Lindquist argues her due process rights were violated when the bankruptcy court held the plan confirmation hearing without giving her 25 days prior notice and a copy of the proposed plan as required by Fed. R. Bankr. P. 2002(b) and 3015(d). Exercising jurisdiction under 28 U.S.C. § 158, I find that any violation of the bankruptcy notice rules was harmless in this case, and I DENY the appeal.

## BACKGROUND

      The debtor filed for Chapter 13 bankruptcy in January 2005. Ms. Lindquist is the debtor's estranged wife, and she is seeking spousal support. The plan confirmation hearing was originally set for April, and notice of such was sent to Ms. Lindquist at the same time she was notified of the bankruptcy proceedings. The bankruptcy plan was filed and served on the debtor's creditors,

PAGE 1 - OPINION AND ORDER

including Ms. Lindquist, in February. Ms. Lindquist did not appear at the April confirmation hearing, and though the bankruptcy court addressed plan objections from other creditors, it delayed ruling on confirmation so it could address Ms. Lindquist's motion addressing the debtor's competency. In May, a subsequent hearing was held and Ms. Lindquist participated. The bankruptcy court informed her of the prior hearing and explained the bankruptcy plan process. Ms. Lindquist did not indicate she had not received notice of the plan, and she made no indication she had objections to the plan. Again, the court did not rule on confirmation, but stated it would consider confirmation disputes and the debtor's competency simultaneously and set a further hearing for July. Ms. Lindquist participated in the July hearing and was again informed how the bankruptcy plan works and how it would affect her interests.[1] She again failed to indicate she had not received the plan or that she had objections.

In September, the bankruptcy court scheduled a final evidentiary hearing related to the competency issue, in which Ms. Lindquist participated, and issued a letter opinion resolving this issue on October 13. In the letter, the court set the confirmation hearing at issue in this appeal for October 27. Ms. Lindquist admits she received prior notice of the hearing, and she participated in the hearing by making oral objections to the plan. The bankruptcy court overruled her

---

[1]   THE COURT: [Debtor] earns some money. The plan . . . proposes
    that he put this money primarily to use to satisfy any and all
    priority claims that exists [sic], the balance of any tax claims that
    would be out there, and the balance would go to you as support. . . .
        . . . .
    THE COURT: If he lives within the terms of the plan, all of his
    unsecured obligations at the end of the plan period would be
    discharged. He would keep making the support payments to you.

7/5/05 Hearing Tr. at 9.

PAGE 2 - OPINION AND ORDER

objections and confirmed the plan. Later that same day, Ms. Lindquist filed written objections, which the bankruptcy court construed as a motion to reconsider under Fed. R. Bankr. P. 9023 and set a schedule allowing both parties to submit additional materials. Before the bankruptcy court could decide Ms. Lindquist's motion, however, she filed a notice of appeal in this court in November. Before briefing on the appeal began, the bankruptcy court issued a letter opinion on December 16 denying the motion to reconsider. In the opinion the bankruptcy court recognized a notice of appeal had been filed, and stated that it retained jurisdiction to resolve the motion under Fed. R. Bankr. P. 8002(b). Thereafter, the parties proceeded to brief this appeal.

## DISCUSSION

A.)   Timing of the Appeal

To begin with, whether this court has jurisdiction over this appeal warrants some discussion. The procedural context of this case is somewhat unusual in that there was a pending motion for reconsideration in the bankruptcy court while at the same time a notice of appeal in this court concerning the same issue–the October 27 plan confirmation hearing and order. As a general matter, once a notice of appeal is filed, the court from which the appeal is taken is divested of jurisdiction over the matters raised in the appeal. *Rains v. Flinn*, 428 F.3d 893, 903-04 (9th Cir. 2005). However, the bankruptcy court retains jurisdiction to resolve any motions to amend or alter a judgment filed under Fed. R. Bankr. P. 9023, regardless of a contemporaneous notice of appeal. *Id.* at 904; Fed. R. Bankr. P. 8002(b)(2). Indeed, Rule 8002(b)(4) provides: "A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any [Rule 9023] motion[] is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of

PAGE 3 - OPINION AND ORDER

the . . . motion outstanding."  The notice of appeal does not become "effective 'until the entry of the order disposing of the [Rule 9023] motion.'"  *Rains*, 428 F.3d at 904 (quoting Fed. R. Bankr. P. 8002(b)).

Here, the bankruptcy judge treated Ms. Lindquist's written objections filed after the plan confirmation order was entered as a motion to reconsider under Rule 9023.  Thus, under Rule 8002(b), the notice of appeal filed on November 3 was ineffective and held in abeyance until December 16, when the bankruptcy judge issued his decision resolving the motion to reconsider.

In his opening brief, the debtor argues this court lacks jurisdiction over this appeal because the order being reviewed–the October 27 order–was non-final at the time Ms. Lindquist filed her notice of appeal.  Finality is not determinative in this case.  First, unlike the Court of Appeals, the district court has discretion to consider appeals of non-final orders.  28 U.S.C. § 157(a); *King v. Stanton*, 766 F.2d 1283, 1285 (9th Cir. 1985).  And second, as the above discussion indicates, Ms. Lindquist is appealing from a final order.  Even though the October 27 order may not have been final at the time the *notice of appeal was filed*, it became final at the same time the *notice of appeal became effective*–when the bankruptcy judge ruled on the motion to reconsider.

B.)   Ms. Lindquist's Due Process Arguments

Concerning the merits of Ms. Lindquist's appeal, she argues she was denied due process in relation to the October 27 plan confirmation hearing because she was not given 25 days notice of the hearing and a copy of the plan as required by Fed. R. Bankr. P. 2002(b)[2] and 3015(d).[3]  It

---

[2]   Except as provided in subdivision (1) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 25 days

PAGE 4 - OPINION AND ORDER

appears Ms. Lindquist is correct that she was provided insufficient notice under the bankruptcy rules. However, the Ninth Circuit has held that technical violations of the bankruptcy rules' notice requirements can be harmless error. *See Preblich v. Battley*, 181 F.3d 1048, 1051 (9th Cir. 1999) (holding failure to give debtor notice of trustee's objections to creditors' claims as required by statute and federal bankruptcy rule was harmless); *New Concept Housing, Inc. v. Poindexter*, 951 F.2d 932, 937-38 (9th Cir. 1991) (citing Fed. R. Civ. P. 61 and holding failure to comply with notice rules was harmless error because was not "inconsistent with substantial justice"). Similarly, several district courts have held the failure to provide proper notice under the bankruptcy rules is harmless where the creditor otherwise had notice of the bankruptcy proceedings and an opportunity to be heard. *See Hobson v. Travelstead*, 227 B.R. 638, 647-48 (D. Md. 1998) (lack of notice harmless where creditor filed objections to the plan before and after hearing and participated in the hearing); *Bayoud v. Med. Ctr. Hosp. of Garland, Inc.*, 188 B.R. 925, 934 (N.D. Tex. 1995) (harmless where creditor knew of and participated in hearing); *In*

---

> notice by mail of (1) the time fixed for filing objections and the hearing to consider approval of a disclosure statement; and (2) the time fixed for filing objections and the hearing to consider confirmation of a chapter 9, chapter 11, or chapter 13 plan.

Fed. R. Bankr. P. 2002(b).

[3] > The plan or a summary of the plan shall be included with each notice of the hearing on confirmation mailed pursuant to Rule 2002. If required by the court, the debtor shall furnish a sufficient number of copies to enable the clerk to include a copy of the plan with the notice of the hearing.

Fed. R. Bankr. P. 3015(d).

PAGE 5 - OPINION AND ORDER

*re Toth*, 61 B.R. 160, 166 (Bankr. N.D. Ill. 1986) (harmless where creditor did not receive formal notice of amended plan, but received actual notice and invitation from court to file objections before plan was final). In *In re Toth*, the court explained:

> [I]nformal notice which provides creditors with opportunity for a fair hearing will satisfy the requirement of notice and procedural due process, since creditors with informal notice can thereby be afforded protection equal to that afforded creditors with formal notice. The fact that [the creditor] did receive actual notice in time to act, coupled with the Court's expressed invitation to file its objections to confirmation, means there was no denial of procedural due process here. [The creditor] had both reasonable notice under the circumstances and an opportunity to be heard.

61 B.R. at 166.

The harmless error doctrine applies in this case. Even though Ms. Lindquist did not receive the appropriate formal notice, she did have actual notice of the October 27 hearing as evidenced by the fact that she was present during the proceedings. Likewise, she was given the opportunity to object. She made oral objections at the hearing, and the bankruptcy court further considered her written objections filed after the hearing, treating them as a motion to reconsider and issuing a written opinion. Indeed, as the bankruptcy court noted in its letter opinion denying Ms. Lindquist's motion to reconsider, the procedural record in this case establishes she was aware of and participated throughout the course of the bankruptcy proceedings. There is also evidence suggesting Ms. Lindquist was aware of the bankruptcy plan and could have filed objections long before the October hearing. Under these circumstances, further notice would not likely have impacted the outcome of the proceedings. Ms. Lindquist had sufficient notice to participate in the confirmation hearing, and she had an opportunity to be heard, both at the hearing and after. Thus, the bankruptcy court's decision to proceed with the hearing in spite of violations of the

bankruptcy notice rules was not "inconsistent with substantial justice" such that reversal of the confirmation order is required. *New Concept Housing, Inc.*, 951 F.2d at 938.

The appeal is DENIED.

IT IS SO ORDERED.

DATED this   5th   day of July, 2006.

                              /s/ Michael W. Mosman
                              MICHAEL W. MOSMAN
                              United States District Court